IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARIE CLAIRE MEDINA,<br><br>  Plaintiff,<br><br>v.<br><br>THE SWAN CENTER PLASTIC SURGERY,<br><br>  Defendant. | Civil Action No.:<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Marie Claire Medina ("Plaintiff"), by and through her undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

**I.   NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and reasonable attorney fees for Defendant's violation of his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981, *et. seq.* ("Section 1981").

1

## II. ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed her charge of discrimination against Defendant THE SWAN CENTER PLASTIC SURGERY ("Defendant") with the EEOC, and the EEOC issued its Notice of Right to Sue on August 10, 2022.

3.

Plaintiff timely filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## III. JURISDICTION AND VENUE

4.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1981, and 29 U.S.C. § 261(b)

5.

Defendant does business within this district.  In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §1981, venue is appropriate in this Court.

## IV.  PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

Defendant now and at all times relevant hereto, have been a domestic for-profit corporation engaged in an industry affecting commerce. During all times relevant hereto, Defendants have employed fifteen (15) or more employees for the requisite duration under Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

9.

Defendant may be served with process at its principal place of business located at the following address: 4165 Old Milton Pkwy Ste. 200, Alpharetta, GA 30005.

## V.     FACTUAL ALLEGATIONS

10.

Plaintiff, a Hispanic female, became employed at Defendant as a Nurse on around May 15, 2021.

11.

On June 18, 2021, Plaintiff experienced remarks from co-workers which she believed to have been discriminatory on the basis of her race. She then complained to the Nurse Manager.

12.

On June 24, 2021, she received a text from her Nurse Manager saying that she was doing great and that someone the Defendant does not condone the behavior Plaintiff had complained about.

13.

A week later, Plaintiff was given an evaluation from the Nurse Manager and Office Administrator.

14.

During the evaluation, they told her that there were issues with her handwriting, and she allegedly failed to record a blood pressure reading, in which she had never been reprimanded about before.

15.

Plaintiff was the only Nurse to be evaluated, and this occurred only one week after her complaint about discrimination.

16.

On July 20, 2021, Plaintiff again complained that she believed she was being discriminated against and retaliated against, to the Nurse Manager and Office Manager via email.

17.

On July 23, 2021, Plaintiff was terminated.

18.

Defendant clearly treated Plaintiff less favorably than it did her comparators outside of his protected group. Any reasons for its actions against Plaintiff will be seen as pretext.

## VI.     CLAIMS FOR RELIEF

## COUNT ONE:  RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and retaliation for engaging in a protected activity in violation of 42 U.S.C. section 1981.

21.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

22.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of her race.

23.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

24.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT TWO:  VIOLATION OF 42 U.S.C. § 1981
### (RACE DISCRIMINATION AND RETALIATION)

25.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

26.

Defendant subjected Plaintiff to discrimination and harassment on the basis of her race.

27.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race and retaliation for engaging in a protected activity in violation of 42 U.S.C. section 1981.

28.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of hER race.

29.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well being.

30.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to his emotional health, and has lost back pay and front pay.

31.

Defendant's have willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

32.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condemnation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 21st day of September, 2022.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Ga. Bar No.: 702063
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404) 965-1682
Email: *jstephens@forthepeople.com*